IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

MARK A. PRENTICE,

    Petitioner,

v.                                                                  Case No. 1:19-cv-00833

WARDEN, FCI McDowell,[1]

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Mark A. Prentice's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's § 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

## RELEVANT PROCEDURAL BACKGROUND AND PETITIONER'S CLAIM

### A.  Petitioner's conviction and prior post-conviction filings.

On December 19, 2013, Petitioner pled guilty in the United States District Court for the Western District of Oklahoma to one count of conspiracy to distribute marijuana,

---

[1] Petitioner named the United States of America as the respondent in his petition. However, the proper respondent in a § 2241 petition is the petitioner's immediate custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004). Accordingly, the Clerk is directed to modify the docket sheet to reflect that the Respondent is the Warden at FCI McDowell.

cocaine powder, and methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), as set forth in a Superseding Information filed on December 19, 2013. *United States v. Prentice*, No. 5:13-cr-00138-F-1, ECF Nos 308. On June 18, 2014, Petitioner was sentenced to a 300-month term of imprisonment by the Oklahoma federal court. *Id.*, ECF Nos. 463-465. In calculating his sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), the sentencing court applied, among other enhancements, a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm during the drug trafficking offense.[2]

Petitioner did not file a direct appeal. However, on December 4, 2015, he filed a motion pursuant to 28 U.S.C. § 2255. *Id.*, ECF No. 630. The § 2255 motion was ultimately denied on December 23, 2016. *Id.*, ECF Nos. 662, 664. Petitioner's Rule 59(e) motion was also denied, and his subsequent appeal was dismissed for failure to prosecute. *Id.*, ECF Nos. 668-677.

On July 25, 2019, Petitioner filed a motion in his sentencing court requesting that the court take judicial notice of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (ECF No. 2, Ex. A). In *Rehaif*, the Supreme Court held that, to convict a defendant of being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g), the government must prove beyond a reasonable doubt, not only that the defendant was a prohibited person who possessed a firearm, but also that the defendant knew of his prohibited status at the time he possessed the firearm.

---

2 U.S.S.G. § 2D1.1(b)(1) provides: "(b) Specific Offense Characteristics (1) If a dangerous weapon (including a firearm) was possessed, increase by **2** levels.

Petitioner's motion asserted that, considering *Rehaif*, the two-level enhancement he received for possession of a firearm under U.S.S.G. § 2D1.1(b)(1) was improper because the government did not prove that he knew he was a felon at the time of the alleged possession of the firearm. (ECF No. 2, Ex. A at 1-2). The sentencing court dismissed Petitioner's motion for lack of jurisdiction as being an unauthorized second or successive § 2255 motion. (*Id.* at 2-3). Thus, it did not address the merits of the motion. The Oklahoma district court further refused to transfer the motion to the United States Court of Appeals for the Tenth Circuit for authorization under 28 U.S.C. § 2244 to file a second or successive § 2255 motion. (*Id.*)

B. **The instant petition for writ of habeas corpus.**

On November 22, 2019, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241 via the "savings clause" contained in 28 U.S.C. § 2255(e), again relying on *Rehaif* to challenge his sentence based upon the two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). Petitioner's petition asserts that the "Government did not prove petitioner knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm" and that he did not have notice of that requirement. (ECF No. 2 at 7-8).

Thus, Petitioner further appears to assert that his "guilty plea was not knowingly and intelligently made." (*Id.* at 8). As relief, Petitioner seeks the removal of the two-level enhancement, thus, "negating the miscarriage of justice of an illegal sentence." (*Id.* at 8). Because it is apparent from the face of the petition that Petitioner is not entitled to the relief he seeks, the undersigned has not required Respondent to respond to the petition and it should be summarily dismissed.

## ANALYSIS

Petitioner's convoluted claim ultimately challenges the validity of his sentence, not its execution. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction. Petitioner previously filed an unsuccessful § 2255 motion. Thus, he would likely be procedurally barred from filing another § 2255 motion unless he can meet certain limited criteria and receive authorization from the Tenth Circuit to pursue such relief in the sentencing court, which has not occurred.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in § 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." More recently, the Fourth Circuit modified its test to determine whether the remedy under section 2255 is inadequate or ineffective with respect to sentencing challenges as follows:

4

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). Because Petitioner is ultimately challenging his sentence, he must meet the *Wheeler* criteria to have his claim reviewed under section 2241 in this court. If he cannot satisfy all these factors, the court lacks jurisdiction to consider his claim under § 2241 and his petition should be dismissed. *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention. *Id.* at 332. Thus, the denial of Petitioner's prior § 2255 motion, standing alone, will not permit this court to review his claim under § 2241. Moreover, in interpreting the phrase "this circuit," the Fourth Circuit has held that the substantive law of the circuit court in which Petitioner was convicted and sentenced controls. *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted.") Here, because Petitioner was convicted in the Southern District of Oklahoma, Tenth Circuit substantive law applies to his claim.

As noted *supra*, in *Rehaif*, the Supreme Court held that "<u>in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2)</u>, the government must prove both that the defendant

5

knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200 (emphasis added). Petitioner argues that at the time of his conviction and sentence, "[t]he Government only ha[d] the burden to show that a temporal & spatial existed between the weapon, the drug trafficking activities, & the defendant.'" *United States v. Castro-Perez*, 749 F.3d 1209 (10th Cir. 2014). He further claims that, after *Rehaif*, "the Government must prove both that the defendant knew he possessed a firearm & that he knew he belonged to the relevant category of persons barred from possessing a firearm." (ECF No. 2 at 2). He claims neither of these elements was proven in his case. (*Id.* at 3). He further asserts that *Rehaif* is not a new rule of constitutional law that would permit him to raise his claim through a second or successive § 2255 motion, as permitted by 28 U.S.C. § 2255(h)(2). (*Id.* at 7). Therefore, he contends that § 2255 is inadequate and ineffective to test the legality of his detention, permitting review under § 2241.

However, Petitioner cannot satisfy the *Jones* or *Wheeler* criteria because the change in law in *Rehaif* does not affect his conviction or sentence. Petitioner was not convicted of being a prohibited person in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Rather, he was convicted of a drug trafficking offense and received a two-level guideline enhancement to his sentence for possessing a firearm during the drug crime pursuant to U.S.S.G. § 2D1.1(b)(1). That sentencing guideline enhancement has no requirement that the possessor of the firearm be a prohibited person or know of that status. Thus, Petitioner has mixed apples and oranges and *Rehaif* has no application to his conviction or sentence and does not give rise to a basis for relief under § 2241 or any other collateral relief.

Furthermore, to the extent that Petitioner's assertion that the government did not prove that "he knew he possessed a firearm not in his actual or constructive possession" (ECF No. 2 at 7) can be considered a stand-alone allegation that his receipt of the two-level guideline enhancement under § 2D1.1(b)(1) was not warranted, that challenge was clearly available to Petitioner under the law at the time of his sentencing, which remains unchanged, and was a proper determination made by the sentencing court by a preponderance of the evidence. No finding beyond a reasonable doubt by a jury was required. Moreover, even if there was any error in the application of the gun enhancement to Petitioner's sentence, because the enhancement was imposed under an advisory guideline scheme, following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), Petitioner cannot demonstrate a fundamental defect or miscarriage of justice from its imposition. *See Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018) (holding that erroneous application of a post-*Booker* advisory guideline provision is not a fundamental defect or miscarriage of justice). Therefore, Petitioner also cannot meet the *Wheeler* criteria for review of that claim by this court under § 2241.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's § 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules

1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.

January 30, 2023

Dwane L. Tinsley
United States Magistrate Judge